12535

STATE v. FLEMING

(145 S. E., 632)

*Messrs. George Warren, Chas. B. Searson, S. G. May-field, John B. Nix,* and *Walter W. Wright,* for appellant,

*Solicitor Randolph Murdaugh,* for respondent,

December 1, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

At the fall term of Court of General Sessions for Hampton County, the grand jury rendered a true bill on an indictment presented by Hon. Randolph Murdaugh, Solicitor of the Fourteenth Circuit, charging the defendant, Robert T. Fleming, with the murder of J. F. Phillips.

The case was tried before Hon. P. F. Henderson, Special Judge, and a jury at Hampton Court House; the jury found the defendant guilty of murder with recommendation to mercy, and thereupon the defendant was sentenced by his Honor to imprisonment for the period of his natural life in the state penitentiary or on the public works of Hampton County. From said sentence and the judgment of the Court entered thereon, the defendant duly gave notice of intention to appeal to the Supreme Court.

The appellants have 21 exceptions. We do not consider that all should be considered, but only those exceptions that raise the objection that—

"(c) Juror stood up in jury box during trial of case; made to stand by the side of defendant for purpose of comparing size and weight of juror with that of defendant."

Exception 4 is:

"4. The defendant (a) was greatly prejudiced and (b) did not receive a fair trial because the Solicitor prejudiced the jury against him by calling upon juror E. W. Carter to stand up to be measured by the side of the defendant, over the objection of defendant's attorney, and asking the following questions:

" 'Q. You mind standing up, please, sir?

" 'A. Not a bit.

" 'Mr. Murdaugh: Will you stand up, Mr. Foreman. (Mr. Carter) stand up right by him. (The defendant, the Foreman of the jury standing up side by side.)

" 'Mr. Mayfield: Your Honor, please, I submit the Solicitor has no right to take the Foreman (juror) and stand him up by the side of the defendant, and we sincerely object on the part of the defendant.

" 'The Court: I am of the opinion that it would have been much better to have taken someone other than the Foreman (the juror), and if there had been any objection on the part of counsel for defense, I would have stopped the procedure.

" 'Mr. Mayfield: We did not know what he was going to do.

" 'The Court: The Court did not know, either.

" 'Mr. Mayfield: We wish to enter our protest and objection to it.' "

This exception must be sustained. The Solicitor made the juror an exhibit and part of the evidence in the case. It was highly prejudicial to the defendant; the Court did not cure it when he admonished the Solicitor; the damage to the defendant had been done and could not be removed.

The other exceptions are not considered. Exception 4 is sustained, and a new trial granted.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.

MR. JUSTICE CARTER (concurring): Knowing that the Solicitor who prosecuted this case is always desirous of being absolutely fair in every phase of his conduct, I am satisfied that when he called upon the formean of the jury to stand up, and caused the defendant to stand beside the foreman, he had no intention of prejudicing

the rights of the defendant. In fact, I think that such a purpose was foreign to his mind but since by this act the foreman was made an exhibit in the case, though unintentionally, the act constituted reversible error.